UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 0:26-mj-00084 (JWB/DLM) |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Ilan Wilson-Soler | ) | **MOTION TO DISCLOSE PURSUANT** |
| | ) | **TO RULE 6(e)** |
| Defendant. | ) | |

Ilan Wilson-Soler, by and through his attorney, moves this Court, for disclosure of any grand jury proceedings in this case pursuant to Fed. R. Crim. P. 6(e).  Specifically, Mr. Wilson-Soler moves for disclosure of: (1) any "No Bill" returned by the grand jury related to him and (2) any testimony or evidence presented to the grand jury that resulted in a "No Bill."

The charge in this matter was initiated by a felony criminal complaint filed on January 26, 2026.  (ECF No. 1).  The criminal complaint charges Mr. Wilson-Soler with violation of 18 U.S.C. § 111(a) and (b).  A subsequent misdemeanor information was filed on February 23, 2026.  (ECF No. 15).  The information charges Mr. Wilson-Soler with misdemeanor violation of 18 U.S.C. § 111(a)(1).

Rule 6(e)(2)(E)(ii) of the Federal Rules of Criminal Procedure allow this Court to order disclosure of grand jury proceedings, "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury".  In this case, Mr. Wilson-Soler finds himself in the unusual place where the Government filed a criminal complaint alleging that he committed a felony offense.  18 U.S.C. §§ 111(a) and 1361.  Then 28 days later the Government filed an information

signed only by a Special Assistant United States Attorney, alleging Mr. Wilson-Soler committed only a misdemeanor.  18 U.S.C. § 111(a)(1).  It is possible this case was never brought before the grand jury, in which case the Government's confirmation that Mr. Wilson-Soler' case was *not* submitted to the grand jury moots this motion—a process that does not implicate any of the grand jury secrecy rules.

However, if Mr. Wilson-Soler's case was submitted to the grand jury, the lack of a returned indictment would almost certainly constitute *Brady* material, as it has a demonstrated exculpatory character, the grand jury reviewed the proffered evidence and found no probable cause existed. The testimony or evidence presented to the grand jury/ a "No Bill" might also form grounds for a motion to dismiss and a basis to challenge the information which has been signed only by a Government attorney with no judicial oversight.

Respectfully submitted,

**SIEBEN & COTTER, PLLC**

Dated:  March 27, 2026          */s/ Patrick L. Cotter*

Patrick L. Cotter (#0319120)
105 Hardman Court, Suite 110
South St. Paul, MN 55075
Phone: (651)-455-1555
Fax: (651) 455-9055
patrick@siebencotterlaw.com

**ATTORNEYS FOR DEFENDANT
ILAN WILSON-SOLER**

2