UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Case No. 0:26-mj-00084 (JWB/DLM) |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) ) | **ILAN WILSON-SOLER'S MOTION TO DISMISS FOR FAILURE TO STATE AN** |
| Ilan Wilson-Soler | ) ) | **OFFENSE** |
| Defendant. | ) ) ) | |

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), Ilan Wilson-Soler, moves this Court for a dismissal of the information for "failure to state an offense."

Federal Rule of Criminal Procedure 7(c) requires that an information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]"  An information is sufficient when it contains "the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013).  A charging document is insufficient when a key element of the charge is not included. *United States v. Olson*, 262 F.3d 795, 799 (8th Cir. 2001).  When determining whether the information has failed to state an offense, the Court must test the information solely on the allegations contained on the face of the information and must not consider evidence outside of the four corners. *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021).

The information in this case charges a violation of 18 U.S.C. § 111(a)(1). (ECF No. 14). The Eighth Circuit model instruction 6.18.111 provides the following elements for Count 1:

> One, that the defendant forcibly assaulted, in this case a United States Border Patrol employee;
>
> Two, the assault was done voluntarily and intentionally; and
>
> Three, at the time of the assault, the United States Border Patrol employee was doing what he was employed by the federal government to do.

The information tracks the statutory language of 18 U.S.C. § 111(a) and as a result satisfies the first element and third element of the offense. The information clearly alleges Mr. Wilson-Soler has been charged with forcible assault (first element) of a United States Border Patrol employee (third element). However, the information makes no allegation that addresses the second element of the offense. The information's failure to allege a key element (the second element of the offense) is a defect that requires dismissal.

Additionally, while not strictly required, the lack of any alleged facts in the information is problematic because the misdemeanor information does not adequately allege a 111(a) offense to provide him with notice of what he needs to defend, nor does it provide him adequate protection to raise double jeopardy defenses in the future. As a result, the information must be dismissed.

Finally, in this case the information was signed by a U.S. Army Judge Advocate. Currently pending before this District in *United States v. Paul E. Johnson*, 26-mj-81

(KMM/SGE) (ECF No. 24), is a Motion to Strike the Appearance of Government's Counsel. In that motion, Johnson argues that a U.S. Army Judge Advocate is prohibited from acting on behalf of the Government before this Court. If the motion in *Johnson* is granted, and a finding is made that U.S. Army Judge Advocates are prohibited from acting on behalf of the Government before this Court, then the information in this case must also be deemed invalid as it is signed by a U.S. Army Judge Advocate.

Respectfully submitted,

**SIEBEN & COTTER, PLLC**

Dated:   March 27, 2026.

*/s/ Patrick L. Cotter*

Patrick L. Cotter (#0319120)
105 Hardman Court, Suite 110
South St. Paul, MN 55075
Phone: (651)-455-1555
Fax: (651) 455-9055
patrick@siebencotterlaw.com

**ATTORNEYS FOR DEFENDANT
ILAN WILSON-SOLER**

3