UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-MJ-84 (JWB/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ILAN WILSON-SOLER,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE**

The defendant, Mr. Ilan Wilson-Soler, is presently charged by misdemeanor information with assaulting, resisting, or impeding certain officers or employees. ECF No. 15. He filed a motion to dismiss, claiming that defects in the information require dismissal. ECF No. 27. This Court should deny Mr. Ilan Wilson-Soler's Motion to Dismiss for Failure to State an Offense because an information which "tracks the statutory language" is sufficient even if it does not include elements of the offense. Mr. Wilson-Soler concedes this in his motion papers. *See* ECF No. 27, at 2. Prior decisions in this Court and Circuit require denial of this motion.

## I.   THE LAW.

Under the Federal Rules of Criminal Procedure, an information must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged…" Fed. R. Crim. P. 7(c)(1). An information

which "tracks the statutory language" is ordinarily sufficient, even if it does not include elements of the offense as interpreted by judicial decisions. *United States v. Prelogar*, 996 F.3d 526, 531-32 (8th Cir. 2021).

Courts routinely deny motions to dismiss where the charging document tracks the statutory language of the offense. For instance, in a case charging a defendant with being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A), the court found no error where the indictment omitted an allegation that the defendant had knowledge of his prohibited status *because* the indictment tracked the statutory language. *See United States v. Jawher*, 950 F.3d 576, 579 n.2 (8th Cir. 2020). Likewise, the court found no error in an indictment charging aggravated identify theft because the indictment tracked the statutory language, despite omitting a knowledge element. *See United States v. Dvorak*, 617 F.3d 1017, 1026-27 (8th Cir. 2010).

A dismissal may be warranted if a charging document is so defective that it cannot be said by "any reasonable construction" to charge the offense. *United States v. Fleming*, 8 F.3d 1246, 1265 (8th Cir. 1993). That is not the case here, and Mr. Ilan Wilson-Soler's motion must be denied.

## II.   THE INFORMATION TRACKS THE STATUTORY LANGUAGE OF 18 U.S.C. § 111 AND IS THEREFORE LEGALLY SUFFICIENT.

In this case, the information meets the standards set forth by Rule 7 and by the Eighth Circuit. The indictment identifies the statute Mr. Wilson-Soler

2

is alleged to have violated—18 U.S.C. § 111(a)(1)—and tracks the statutory language of the offense. The information further sets out the date of the alleged offense ("on or about January 7, 2026"). ECF No. 15.

Mr. Wilson-Soler argues the information is insufficient because it fails to state an element of the offense because it does not contain an element of the offense in that his actions must be done "voluntarily and intentionally." *See* ECF No. 27, at 2. But that is not the requirement of the United States in creating its charging documents. This argument ignores the fact that stating elements outside of the statute is not a requirement for a proper information. Here, the information properly tracks the statutory language of 18 U.S.C. § 111. *See* ECF No. 15. Because it tracks the statutory language, the information is sufficient on its face. *See United States v. Lopez*, No. 25-230 (JRT/DJF), 2026 WL 207356 at *3 (D. Minn. Jan. 27, 2026) (holding that an indictment which tracked the statutory language of 18 U.S.C. § 111(a)(1) was facially sufficient). Even if the Government must prove Mr. Wilson-Soler committed acts "voluntarily and intentionally" at trial, that does not require the United States to plead this in the information. *See Prelogar*, 996 F.3d at 531-32 (failure to allege two elements imposed by a Supreme Court decision did not render the indictment insufficient where it tracked the statutory language).

Mr. Wilson-Soler cites to no authority requiring an information or indictment tracking the language of 18 U.S.C. § 111 to identify the act in question was done "voluntarily and intentionally." To the contrary, this Court has recently denied a motion to dismiss an indictment with language identical to the language in the information. *See Lopez*, Crim. No. 25-230 (JRT/DJF), 2026 WL 207356.

In *Lopez*, this Court found an 18 U.S.C. 111(a)(1) information sufficient where it tracked the statutory language. Although *Lopez* did not deal with the omission of the *mens rea* element, this Court wrote that the "[i]ndictment contains all of the essential elements of the charged offense by alleging that Lopez assaulted an HCSO deputy who was assisting federal officers who were performing their official duties." *Id*. Notably, there is no *mens rea* element mentioned.

Mr. Wilson-Soler is asking this Court to ignore legal precedent which has been litigated in this Court only months before as well as precedent from the 8th Circuit. Here, the Government's information tracks the statutory language, and like *Lopez*, the charging instrument is sufficient to allege a violation of 18 U.S.C. 111(a)(1). This court should deny Mr. Wilson-Soler's motion to dismiss.

### III.   THE INFORMATION PROPERLY PUTS MR. WILSON-SOLER ON NOTICE OF THE CHARGE AGAINST HIM.

Mr. Wilson-Soler argues the charging document is "problematic" because it lacks "alleged facts." Despite this, Mr. Wilson-Soler concedes that this is "not strictly required." ECF No. 27, at 2. The information here properly apprises Mr. Wilson-Soler of the date of the alleged violation – January 7, 2026 – which provides sufficient specific facts constituting the offense to put a defendant on notice of what conduct the allegation concerns. *See United States v. Huggans*, 650 F.3d 1210, 1217-18 (8th Cir. 2011) (affirming the denial of a motion to dismiss an indictment as insufficient, where the indictment set forth the offense in the words of the statute itself, and provided the defendant the time frame of the alleged drug conspiracy and the type of drugs involved); *see also United States v. Olderbak*, 961 F.2d 756, 759-60 (8th Cir. 1992) (affirming the denial of a motion to dismiss an indictment as insufficient when the indictment listed a limiting time frame and specified which drugs were involved and therefore the defendants could not "have failed to realize exactly what conduct" would be at issue at trial). It also apprises him of the nature of the charge (assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal law enforcement officer).

Again, Mr. Wilson-Soler is ignoring relevant case law in this jurisdiction. The information must only track the statutory language for him to be properly

5

noticed of the charge against him. Although 18 U.S.C. 111(a)(1) covers assaulting, resisting, opposing, impeding, or interfering, by tracking the statutory language it is sufficient, and Mr. Wilson-Soler has proper notice. The United States is not required to identify which interaction forms the basis of this charge in its charging document. Nothing in the rules or case law requires an information to outline a theory of prosecution or a detailed delineation of the facts and circumstances of an alleged offense.

Therefore, the information informs Mr. Wilson-Soler of the charge and meets the requirements of being a plain, concise, and definite written statements of the essential facts and his motion should be denied.

## IV.   REQUEST FOR ADDITIONAL BRIEFING REGARDING THE INFORMATION SIGNED BY A U.S. ARMY JUDGE ADVOCATE

Mr. Wilson-Soler appears to object to the fact that this information was signed by a U.S. Army Judge Advocate. As stated in his papers, this issue is currently being litigated before this Court. However, Mr. Wilson-Soler has not filed a formal motion to dismiss on these grounds. If Mr. Wilson-Soler makes a motion to dismiss on this ground, the United States requests leave to fully brief and argue this issue.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny Mr. Wilson-Soler's Motion to Dismiss for Defects in the Charging Document.

Dated: April 15, 2026

                                        Respectfully Submitted,

                                        DANIEL N. ROSEN
                                        United States Attorney

                                        *s/Richard M. Hoover*

                                        BY: RICHARD M. HOOVER
                                        MND No. 710133MA
                                        Special Assistant U.S. Attorney
                                        DOJ-USAO
                                        District of Minnesota
                                        300 South Fourth Street
                                        Minneapolis, MN 55415
                                        202-251-2107
                                        Email: richard.hoover@usdoj.gov